TIMES-PICAYUNE PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48892, 49539. Promulgated December 9, 1932.

*Esmond Phelps, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

278

OPINION.

LOVE: The sole question here involved is whether or not the annual payment by petitioner of $6,000, in the manner and for the purposes disclosed in our findings of fact, is deductible from gross income as an ordinary and necessary expense item, under section 234 (a) of the

Revenue Act of 1926 (which is the same as section 23 (a) of the Revenue Act of 1928).

The evidence in the case clearly justifies the conclusion that petitioner was not actuated in making the payments herein described by philanthropic or charitable motives. It was a clear, cold-blooded business proposition on the part of the petitioner's board of directors. They expected to get returns of value in dollars and cents. In their judgment it was a sound business proposition, and subsequent history seems to have proven the wisdom of their action.

While it is true that, when the question here involved is to be decided each case must to a very large extent be viewed separately and decided on its own merits, and no effort be made to lay down a general rule, yet we believe it may be safely stated that when the board of directors, in the exercise of their sound, conservative judgment, decide that an expenditure of a sum of money will bring actual money returns to the corporation, though such returns may come to the corporation through indirect channels, we believe that such expenditures are within the purview and spirit of the statute and should be allowed as deductions. We believe such to be the clear import declared by the court in the case of *Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187. In that case, the court, among other things, said:

It is evident that the words " ordinary " and " necessary " in the statute are not used conjunctively, and are not to be construed as requiring that an expense of a business to be deductible must be both ordinary and necessary, in a narrow, technical sense. On the contrary, it is clear that Congress intended the statute to be broadly construed to facilitate business generally, so that any necessary expense, not actually a capital investment, incurred in good faith in a particular business, is to be considered an ordinary expense of that business. This in effect is the construction given the statute by the Treasury Department and the courts.

While the Treasury Department has held as a general rule that only expenditures commonly recognized as operating expenses are deductible, the rule has been applied with great liberality, and practically any reasonable expenditure that has benefitted the business has been allowed to be deducted as an expense * * *.

\* \* \* \* \* \* \*

Of course, each case depends for decision upon its own facts, and it would be impossible to formulate a uniform rule to govern all cases. Generally speaking, business men should be free to exercise their ingenuity in devising methods of increasing business. This rebounds to the benefit of the government by creating more taxable income. Considering the above stated examples, it would seem clear by analogy that petitioner was entitled to deduct the amounts paid to its former creditors. It was under no legal obligation to make the payments, and they were made entirely to promote the business by restoring its credit with the wholesalers from whom it purchased goods.

Practically to the same purport is the case of *American Rolling Mills* v. *Commissioner*, 41 Fed. (2d) 314. Also *Corning Glass*

*Works* v. *Lucas*, 37 Fed. (2d) 798; *Rodeo-Vallejo Ferry Co.*, 24 B. T. A. 936, 941; *Old Mission Portland Cement Co.*, 25 B. T. A. 305.

Since the issuance of the deficiency notices here involved, the Commissioner has liberalized his policy with respect to such questions as here under consideration. See I. T. 2653, Internal Revenue Bulletin No. 44, dated October 31, 1932, p. 6.

The deficiencies should be redetermined and the payment made by petitioner to Tulane University for each of the years 1927 and 1928 allowed as an expense deduction from gross income.

*Judgment will be entered under Rule 50.*